UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MANUEL LUCERO, et al., <br> Plaintiffs, <br><br> v. <br><br> KEVIN COPPINGER, et al., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil No. 23-10088-LTS |

MEMORANDUM AND ORDER

January 23, 2023

SOROKIN, J

For the reasons set forth below, the Court denies Manuel Lucero's motion to certify class and denies without prejudice Lucero's emergency motion for temporary restraining order and preliminary injunction. If plaintiffs wish to proceed with this action, on or before March 1, 2023, they either must pay the $402.00 filing fee or each plaintiff must file an Application to Proceed in District Court Without Prepaying Costs or Fees and a copy of his prison account statement

## I.     BACKGROUND

On January 13, 2023, Manuel Lucero, now in custody at the Essex County Correctional Facility ("ECCF"), filed a motion to certify class and an emergency motion for temporary restraining order and preliminary injunction. ECF Nos. 2, 4. At the same time, Lucero filed a complaint that is signed by Lucero and fourteen other inmates in custody at ECCF. ECF No. 1. The defendants named in the complaint are Kevin Coppinger, the Essex County Sheriff; George Glynos, an ECCF grievance officer; "John Doe" Udom, the ECCF medical director and facility physician; and John Doe, the ECCF assistant superintendent. Plaintiffs' complaint is brought under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act

("RLUIPA"), 42 U.S.C. § 2000cc.  They contend that their statutory and constitutional rights are being violated due to actions and inactions surrounding COVID-19 policies.

## II.     FILING FEE

No filing fee has been paid in connection with the filing of the complaint and none of the fifteen plaintiffs have filed motions for leave to proceed *in forma pauperis*.

Litigants bringing a civil action must either (1) pay the $350.00 filing fee and the $52.00 administrative fee[1], *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Where, as here, the plaintiffs are prisoners, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).[2]  "Where there are multiple plaintiffs in a civil action … it has been the practice of this court to apportion equally the filing fee between or among all plaintiffs (both in prisoner and non-prisoner cases)."  *Cuevas v. DiPaulo*, No. 11-10884-WGY, 2011 WL 2110759, at *2 (D. Mass. May 23, 2011) (collecting cases).

---

[1] The $52.00 administrative fee does not apply to persons proceeding *in forma pauperis. See* Judicial Conference Fee Schedule.

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in the prison account statement(s), the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Here, if one or more of the plaintiffs wish to proceed on a self-represented basis, each plaintiff must file an Application to Proceed in District Court Without Prepaying Costs or Fees accompanied by a certified copy of their prison account statement. The filing fee would be apportioned among the number of plaintiffs actually proceeding in the action.[1] The plaintiffs will be granted additional time to either pay the $402 filing fee or file applications to proceed without prepayment of the filing fee accompanied by certified copies of their prison account statements.

III.     **CLASS CERTIFICATION**

Lucero and the other fourteen inmates who signed the complaint are proceeding *pro se*. Although each of the plaintiffs may bring a claim or claims on his own behalf, none may represent another inmate. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of Mass. (2015) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."). For that reason, a *pro se* inmate may not represent other inmates in a class action. *Mincy v. Deparlos*, 497 F. App'x 234, 238, n. 3 (3d Cir. 2012); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014); *Khalil v. Laird*, 353 F. App'x 620, 621 (2d Cir. 2009).

Because Lucero and the other plaintiffs are appearing *pro se*, and they are not alleged to be attorneys admitted to the bar, they may not represent other inmates in a class action. Without

---

[1] If 15 plaintiffs were permitted to proceed, each plaintiff would be responsible for a payment of $23.33. If there are less plaintiffs, then the filing fee would be apportioned among the number of plaintiffs actually proceeding in the action.

3

counsel, Lucero cannot act as a class representative nor can he represent any other individually named plaintiff. Because Lucero cannot adequately represent the interests of the class he has identified, the motion to certify class is denied.

### IV.     LUCERO'S EMERGENCY MOTION

In the emergency motion for temporary restraining order and preliminary injunction, Lucero seeks to have this Court enjoin the defendants from depriving covid-negative inmates from access to the law library and religious services and enjoin any retaliation against plaintiffs because of their participation in this litigation.

"[A] preliminary injunction may be imposed 'only on notice to the adverse party,' a requirement that ... include[s] a hearing followed by findings that the party to be favored has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm[,] and can claim the greater hardship in the absence of an order ...." *Fryzel v. Mortg. Elec. Reg. Sys., Inc.*, 719 F.3d 40, 44 (1st Cir. 2013) (quoting Fed. R. Civ. P. 65(a)(1)). A temporary restraining order ("TRO") is an extraordinary order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the Court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

The Court will not enter an injunction without first providing the Defendants an opportunity to respond or be heard. Here, there is no certification in writing of any effort made to

provide at least informal notice to the defendants and no details as to the reasons why such notice should not be required.  *See* Fed. R. Civ. P. 65(a)(1).  Thus, I find that Lucero has not satisfied the requirements of either Rule 65(a)(1) or Rule 65(b)(1)(B).

## V.     CONCLUSION

In accordance with the foregoing, the Court hereby orders that:

1. The motion (ECF No. 2) for temporary restraining order and preliminary injunction is DENIED WITHOUT PREJUDICE.

2. The motion (ECF No. 4) to certify class is DENIED.

3. If one or more of the plaintiffs wish to proceed on a self-represented basis, on or before March 1, 2023, they either must pay the $402.00 filing fee or each plaintiff must file an Application to Proceed in District Court Without Prepaying Costs or Fees and a copy of his prison account statement for the 6-month period preceding January 13, 2023.  Failure of any plaintiff to comply with these directives may result in the dismissal of that plaintiff from this action without prejudice.  The Clerk shall provide each plaintiff with a copy of the standard Application to Proceed in District Court Without Prepaying Fees or Costs and shall send a copy of this Order to the Treasurer's Office at the Essex County Correctional Facility in order to facilitate any request by plaintiffs for copies of their certified prison account statements.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge