UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MANUEL LUCERO, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>KEVIN COPPINGER, et al.,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil No. 23-10088-LTS<br>)<br>)<br>)<br>) |

ORDER ON MOTIONS FOR COUNSEL AND ISSUANCE OF SUBPOENAS

January 31, 2023

SOROKIN, J

On January 13, 2023, 15 plaintiffs filed a complaint concerning the conditions of confinement at the Essex County Correctional Facility ("ECCF"). ECF No. 1. Because no filing fee has been paid and none of the 15 plaintiffs have filed motions for leave to proceed *in forma pauperis*. , the plaintiffs were advised that if one or more of the plaintiffs wish to proceed on a self-represented basis, on or before March 1, 2023, they either must pay the $402.00 filing fee or each plaintiff must file an Application to Proceed in District Court Without Prepaying Costs or Fees and a copy of his prison account statement for the 6-month period preceding January 13, 2023. ECF No. 7. Now before the Court are Manuel Robert Lucero's motions for appointment of counsel and for issuance of subpoenas for plaintiffs' prison account statements. ECF Nos. 8, 9.

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Before appointing *pro bono* counsel, the Court must find that the party is indigent and that exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's

due process rights. *See id.* In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24. At this early stage of litigation, the Court denies with motion without prejudice to renewal after the filing fee is resolved and after preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

In his motion for issuance of subpoenas, Lucero states that ECCF "facility refuses to provide" copies of inmate account statements. ECF No. 9, at ¶ 2. Lucero references other ongoing cases in which he has been unable to obtain copies of his prison account statement. *Id.* at ¶ 1. The motion for issuance of subpoenas will be denied without prejudice to renewal at a later phase of the case. Here, if one or more of the plaintiffs wish to proceed on a self-represented basis, each plaintiff must file an Application to Proceed in District Court Without Prepaying Costs or Fees. Once the Court confirms the number of plaintiffs proceeding in this action, the filing fee will be apportioned among the actual number of plaintiffs.

Accordingly,

1. The motion (ECF No. 8) for appointment of counsel is DENIED WITHOUT PREJUDICE.

2. The motion (ECF No. 9) for issuance of subpoenas is DENIED WITHOUT PREJUDICE.

3. Plaintiffs are reminded that if one or more of the plaintiffs wish to proceed in this action, on or before March 1, 2023, they either must pay the $402.00 filing fee or each plaintiff must file an Application to Proceed in District Court Without Prepaying Costs or Fees. If they are unable to obtain copies of their prison account

statements, as explained in the prior Order, each plaintiff may file an affidavit explaining the reason(s) he is unable to obtain it including the requests made for it as well as the response, if any, to the request.  Failure of any plaintiff to comply with these directives may result in the dismissal of that plaintiff from this action without prejudice.

                                    SO ORDERED.

                                    /s/ Leo T. Sorokin
                                  Leo T. Sorokin
                                  United States District Judge